# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| ELIZABETH LUTZ, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ELECTROMED, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-2198-KMM-DTS<br><br>**DECLARATION OF TERENECE R. COATES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN** |

_____

I, Terence R. Coates, being first duly sworn and cautioned, depose and state as follows:

1. I am the managing partner of the law firm Markovits, Stock & DeMarco, LLC (MSD) and have held this position from January 1, 2016, to the present. I am one of the proposed Class Counsel in this Litigation representing Plaintiff and the proposed Class and have monitored my firm's participation in this matter from August 2021 to the present. The contents of this Declaration are based upon my own personal knowledge, the events of this litigation, and my review of my firm's business records and information that are maintained on a routine basis.

2. I attended Wittenberg University in Springfield, Ohio and graduated in 2005 with a B.A. in History and a B.A. in Sociology. I then received my law degree in 2009 from Thomas M. Cooley Law School in Lansing, Michigan, with a focus on litigation. I have been licensed to practice law in the State of Ohio since 2009.

3. I am a member in good standing of the Ohio Bar and have never been the subject of any disciplinary proceeding.

4. I am admitted to the United States District Court for the Southern and Northern Districts of Ohio, United States District Court for the Eastern District of Michigan, United States District Court for the District of Colorado, the United States Court of Appeal for the Sixth Circuit, and I have been admitted pro hac vice to many state and federal district courts throughout the United States.

5. I have remained heavily involved in complex commercial lawsuits and class actions from the start of my career to the present. From 2014 to the present, I have been recognized as a Super Lawyers® Rising Star with my current primary area of recognition being Class Action/Mass Tort cases. I have also been named to Cincinnati's Forty under 40 (2019) and Best Lawyers in America for Commercial Litigation from 2020 to the present. I am currently the Executive Director of the Potter Stewart Inn of Court.

6. In addition to participating in the actual litigating of class action lawsuits, I have taken on the role of being the primary person at MSD focused on working with settlement administrators to implement notice programs that are designed to gain as much class participation as possible. Beyond the critical task of selecting a successful settlement administrator, I have paid particular attention to determining how to distribute direct notice to class members to the extent possible and secondarily, to help implement a notice program that provides notice through as many mainstream mediums as possible for the purpose of informing potential class members about class certification and/or a class action settlement.

7.	As a member of proposed Class Counsel, I have been centrally involved in all aspects of this litigation from the initial investigation to the present, communications with Plaintiff Lutz, and the description set forth below is based upon my personal knowledge. I have been the primary point of contact for Plaintiff and Class Counsel with counsel for Electromed. Having worked with my co-counsel for Plaintiff on many other class action cases, including data breach class actions, and having litigated other class actions cases against Defendant's counsel recently, I am able to confirm that Class Counsel and Electromed's counsel are experienced in class action litigation. A copy of Class Counsel's law firm bios is attached as Exhibit A (Chestnut Cambronne), Exhibit B (MSD), and Exhibit C (Hellmuth & Johnson). All three law firms are well-capitalized and have sufficient resources to handle and manage class action cases.

## MEDIATION AND SETTLEMENT

8.	After briefing on the motion to dismiss was completed, the Settlement Agreement, Exhibit D, reached by the parties was negotiated at arms-length, is the result of hard bargaining, involved mediation with an experienced third-party mediator, and provides all Settlement Class Members with the ability to receive cash payments due to their Private Information potentially being compromised in Electromed's June 2021 Data Breach. The Parties retained well-respected mediator, Ret. United States Magistrate Judge Morton Denlow, to assist in shepherding the Parties through mediation.[1] Leading up to the mediation, the Parties provided detailed mediation statements to Mediator Denlow setting

---

[1] https://www.jamsadr.com/denlow/

forth their positions on liability and damages. Under Mediator Denlow's guidance, the Parties began negotiating the potential structure a class action settlement. Mediator Denlow worked with the Parties for a full-day mediation on April 30, 2022, but the Parties were unable to reach a resolution on mediation day. Despite not reaching a resolution during mediation, the Parties stayed in contact and continued to negotiate at arms' length.

9.      Eventually, the Parties reached a settlement in principle late on Mother's Day for a $825,000 non-reversionary common fund settlement resulting in the Parties signing a term sheet on May 31, 2022. The Term Sheet then served as the foundation for the Parties to continue to negotiate the terms of the Settlement over the next few months reducing them to writing as detailed in the Settlement Agreement. After the Parties were able to reach terms on the key terms of relief to the Settlement Class, including the Settlement Subclass, the Parties were able to each agreement on an appropriate Service Award for Plaintiff and attorneys' fees and expenses for proposed Class Counsel's efforts in this Litigation. Notably, the content of Settlement Agreement and Release, including the breadth of the notice program, was heavily negotiated.

10.     Before mediation, the Parties exchanged informal discovery so that the Parties were able to make informed decisions about the potential resolution of this Litigation during the mediation. Through this pre-mediation discovery, Plaintiff was able to confirm vital information about Plaintiff's and Class's claims, including but not limited to, the class size, the types of data impacted in the Data Breach, and the amount of insurance coverage Electromed has available for the Data Breach. This information permitted Plaintiff to evaluate damages on a classwide basis.

## **SETTLEMENT BENEFITS TO THE SETTLEMENT CLASS**

11. The Settlement in this Litigation provides several forms of relief to Settlement Class Members: (1) monetary payments of up to $30 for Class Members and $100 for California Subclass Members (these payments may be pro rata increased to the extent there are funds remaining in the Settlement Fund after allocation of funds for all valid claims); (2) compensation for ordinary out-of-pocket losses capped that $250.00, which is inclusive of a payment for lost time spent in response to the Data Breach at $25 per hour capped at four (4) hours ($100 maximum for lost time); (3) monetary payments for verified extraordinary losses incurred as a result of the Data Breach capped at $5,000; and (4) injunctive relief through Electromed's commitment under the Settlement to implement a series of cybersecurity enhancements.

12. Electromed indicated that the cybersecurity enhancements negotiated under this Settlement will cost it $190,000 annually.

13. Attorneys' fees, not to exceed one-third (1/3) of the Settlement Fund ($275,000.00), litigation expenses not to exceed $15,000.00, and the proposed $9,900.00 Class Representative Service Award, will be paid from the Settlement Fund, are subject to Court approval, and are typical of amounts awarded in class action cases. Class Counsel will submit a motion for approval of these amounts before the Final Approval Hearing.

14. Based on Class Counsel's experience with overseeing the settlement of many class action cases, Class Counsel anticipate that there will be funds remaining in the Settlement Fund so that the $30 and $100 cash payments will be pro-rata increased.

## SETTLEMENT ADMINISTRATION

15. The Parties jointly agreed that Analytics Consulting LLC (Analytics) is a qualified and appropriate to serve as Settlement Administrator in this Litigation. Analytics has over fifty (50) years of experience administering class action settlement, including creating and executing notice programs. Before deeming Analytics as the appropriate Settlement Administrator for this case, Class Counsel received quotes from Analytics and two other national settlement administration companies for the purpose of receiving the best settlement administration services for the best price since the settlement administration costs and expenses will be deducted from the Settlement Fund. In other words, Class Counsel sought the best deal for the Class's funds and believe that Analytics is the best deal for the Class based on the three quotes received.

16. I have reviewed the notice program, including the Analytics Declaration and understand that the notice program will comply with the judicial guidelines in terms of percentage of class members reached through the notice program.

17. Analytics's execution of the notice program under this Settlement will be reviewed by Class Counsel and overseen by the Court.

18. The notice program in this case is broad in that it permits the following: (1) direct notice to 47,000 Settlement Class Members via the Short Form Notice, which has a tear off claim form attached to it; (2) email notice to all Settlement Class Members for whom Electromed has a valid email address; and (3) notice via the Settlement Website where the Long Form Notice will be posted. In addition to these notices, FAQs will be

posted on the Settlement Website and Class Counsel will post information about the Settlement on our firms' websites.

**PLAINTIFF LUTZ ADEQUATELY REPRESENTED THE CLASS**

19. Plaintiff Lutz has zealously represented the Class in this case. She has remained attentive throughout and has diligently worked with Class Counsel in reviewing and approving all settlement demands, the terms of the term sheet and Settlement Agreement. Furthermore, Plaintiff Lutz has no conflicts with the Class and has standing to represent the California Subclass because she is a California resident. Based on my experience in working with Plaintiff Lutz in this case is an adequate Class Representative in this case.

**THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND PRELIMINARY APPROVAL IS PROPER**

20. Plaintiff faced many risks with proceeding with this case. Notably, a motion to dismiss all Plaintiff's claims was fully briefed and pending before the Parties began negotiating. Furthermore, Plaintiff still faced the hurdle of certifying any classes in this case and, even if class certification was granted, would incur significant expense retaining experts for this case to then proceed to a contested trial.

21. Through my experience with serving as lead counsel in many other class action lawsuits, including data breach cases, I believe the Settlement in this case is fair, reasonable, and adequate in that it provides broad, tangible Settlement benefits to over 47,000 people. In addition to the $825,000 common fund, Defendant has committed to certain cybersecurity enhancements, which serve as a form of injunctive relief. Such

multifaceted Settlement relief for 47,000 Settlement Class Members indicates the Settlement is fair, reasonable, and adequate and warrants preliminary approval.

22.     A proposed Order Granting Preliminary Approval is attached as Exhibit E. A Word version will be emailed to chambers.

I hereby declare under penalty of perjury that the contents of this Declaration are based on my personal knowledge and true.

Executed on October 13, 2022, in Cincinnati, OH.

/s/ Terence R. Coates<br>
TERENCE R. COATES, ESQ.