UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

ELIZABETH LUTZ, individually
and on behalf of all others similarly
situated,

                Plaintiff,

v.

ELECTROMED, INC.,

                Defendant.

Case No. 21-cv-2198-KMM-DTS

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN**

_____

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release dated September 22, 2022 ("Agreement") entered into by Plaintiff and Defendant Electromed Inc. ("Defendant" or "Electromed"), and it finds that the Motion should be **GRANTED**.

NOW, THEREFORE, the Court hereby **FINDS, CONCLUDES, AND ORDERS**:

    1.    The Court does hereby preliminarily and conditionally approve, for settlement purposes, the following Class and Sublclass:

**Class**: All persons who were sent notice of the Data Breach.

**California Subclass**: All California residents who were sent notice of the Data Breach.

    2.    Based upon information provided: the Class is ascertainable; it numbers more than 47,000 individuals satisfying numerosity; there are common questions of law and fact,

including whether Electromed's Data Breach potentially compromised Plaintiff's and Class Members' Private Information, satisfying commonality; the proposed Class Representative's claims are typical, in that she is a member of the Class and allege that she received notice from Electromed that her Private Information was potentially compromised in Electromed's Data Breach, thereby alleging she has been damaged by the same conduct as other Class Members; the proposed Class Representative and Class Counsel will fully, fairly and adequately protect the interests of the Class; question of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class and California subclass for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The Court appoints Plaintiff Elizabeth Lutz as the Class Representative of the Class.

4. The Court appoints Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC, Bryan L. Bleichner of Chestnut Cambronne PA, and Nathan D. Prosser of Hellmuth & Johnson, PLLC as Class Counsel for the Class.

5. The Court appoints Analytics Consulting LLC as Settlement Administrator.

6. The Court does hereby preliminary approve the Settlement, including the notices and the releases contained therein as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the Fairness Hearing described below.

7. A Final Approval Hearing shall be held before the Court on January 9, 2023, 2023 at 10:00 a.m. for the following purposes:

    a. To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b. To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

    c. To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

    d. To determine whether Plaintiff's application for Attorneys' Fees and Expenses, and requested Service Awards for the Class Representatives, should be approved; and

    e. To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to form and content, the Short Form Settlement Notice, Long Form Notice, Social Media Notice, Claim Form, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in paragraph 10 of this Order meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

9. The Complaint was commenced after February 18, 2005. The Court directs Electromed to timely notify, through the Settlement Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for Electromed or the Settlement Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

10.     The Settlement affords a non-reversionary $825,000.00 Settlement Fund from which, after the reduction of payments for Settlement administration costs and expenses, Class Counsel's attorneys' fees and expenses, and the Class Representative Service Award, the following Settlement benefits will be paid from the Settlement Fund to Class Members who submit valid and timely Claim Forms:

   a. monetary payments of up to $30 for Class Members and $100 for California Subclass Members (these payments may be pro rata increased to the extent there are funds remaining in the Settlement Fund after allocation of funds for all valid claims);

   b. compensation for ordinary out-of-pocket losses capped that $250.00, which is inclusive of a payment for lost time spent in response to the Data Breach at $25 per hour capped at 4 hours ($100 maximum for lost time);

   c. monetary payments for verified extraordinary losses incurred as a result of the Data Breach capped at $5,000; and,

   d. injunctive relief through Electromed's commitment under the Settlement to implement a series of cybersecurity enhancements.

11.     Analytics shall process claims according to the Settlement Timeline that is attached to this Order.

12.     The Claim Form submitted by each Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph.

13.     As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

14. All Class Members shall be bound by all determinations and judgments in the classaction concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Class will be excluded from the Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim Forms, and shall not be bound by the Agreement or the Final Approval Order as to Electromed in the class action.

15. Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiff, and Class Members are barred and enjoined from commencing or prosecutingany action asserting any Released Claims against Electromed.

16. Any Class Member may enter an appearance, individually or, at their own expense,through counsel of their choice, in which case counsel must file with the Clerk of Court and deliverto Class Counsel and counsel for Electromed a notice of such appearance no later than 60 days after the Notice Date. If they do not enter an appearance, they will be represented by Class Counsel.

17. All papers in support of the Settlement, and Class Counsel's Fee Application and request for expenses and Service Award, shall be filed no later than before the Claims Deadline.

18. Any Class Member may appear and show cause, if that Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for

5

reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by first class mail sufficient written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked no later than 90 days following Notice to the following:

Office of the Clerk  
Diana E. Murphy United States Courthouse  
300 South Fourth Street – Suite 202  
Minneapolis, MN 55415

19. Any person who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than seven (7) days before the Final Approval Hearing.

20. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Electromed that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of Electromed. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding

in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

21. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiff and Electromed, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Dated: _____

                                                  Katherine M. Menendez
                                                  United States District Judge

## SETTLLEMENT TIMELINE

| From Order Granting Preliminary Approval | |
|---|---|
| Electromed provides list of Settlement Class Members to the Settlement Administrator | +7 days |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days |
| Notice Deadline | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | +76 days |
| Reminder Notice | +84 days |
| Objection Deadline | +90 days |
| Exclusion Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +100 days |
| Claims Deadline | +120 days |
| Initially Approved Claims List | +165 days |
| | |
| **Final Approval Hearing** | +180 (at minimum) |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Settlement Administrator provides W-9 to Electromed | +30 days |
| Effective Date | +35 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | +42 days |
| Settlement Website Deactivation | +90 days |