# EXHIBIT D

## SETTLEMENT AGREEMENT AND RELEASE AGREEMENT

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between (i) Electromed, Inc. ("Electromed") and (ii) Elizabeth Lutz ("Plaintiff") Plaintiff both individually and on behalf of the Settlement Class, in the case of *Elizabeth Lutz, et al. v. Electromed, Inc.*; Case No. 21-cv-2198; United States District Court, District of Minnesota. Electromed and Plaintiff are each referred to as a "Party" and are collectively referred to herein as the "Parties."

## I.    FACTUAL BACKGROUND AND RECITALS

1.  On September 3, 2021, Plaintiff filed a class action lawsuit against Electromed based on a ransomware attack Electromed suffered in June 2021 (the "Incident"), alleging claims of negligence, negligence per se, claims under the California Consumer Privacy Act, and the California Confidentiality of Medical Information Act ("CMIA").

2.  On November 11, 2021, Electromed filed its Motion to Dismiss.

3.  On March 30, 2022, the Parties participated in a formal, full-day mediation session with Judge Morton Denlow of JAMS. The Parties did not reach a resolution during the mediation.

4.  On May 9, 2022, the Parties notified the Court that a class-action settlement had been reached. The Court then denied without prejudice Electromed's Motion to Dismiss, noting the settlement had been reached.

5.  However, following subsequent arms-length negotiations, the Parties negotiated a settlement by which the Parties agree and hereby wish to resolve all matters pertaining to, arising from, or associated with the Litigation, including all claims Plaintiff and Settlement Class Members have or may have had against Electromed and related persons and entities, as set forth herein.

6.  The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for both of the Parties.

7.  Electromed denies all charges of wrongdoing or liability that Plaintiff, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future. Despite Electromed's belief that it is not liable for, and has good defenses to, the claims alleged in the Litigation, Electromed desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally put to rest in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement

Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

8.  Following arms-length negotiations, including mediation before an experienced mediator, the Parties now seek to enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiff's determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

9.  Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

10. In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.   DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

11. **"Administrative Expenses"** shall mean expenses associated with the Settlement Administrator, including but not limited to costs in providing notice, communicating with Settlement Class Members, and disbursing payments to the proposed Settlement Class Members. Administrative Expenses shall be paid through the Settlement Fund.

12. **"Approved Claims"** shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator.

13. **"CAFA Notice"** means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, et seq.

2

("CAFA"), to be served upon the appropriate State official in each State where a Class Member resides and the appropriate federal official. Any and all costs associated with the preparation and issuance of the CAFA Notice will be borne by Electromed.

14. **"Claim Form"** shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement.

15. **"Claims Deadline"** shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date fourteen days after the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

16. **"Class," "Settlement Class," "Class Member,"** or **"Settlement Class Member"** shall mean each member of the Settlement Class, as defined in Section III of this Settlement Agreement, who does not timely elect to be excluded from the Settlement Class. There will be a California Subclass consisting of all California residents whose Private Information was included in Defendant's cybersecurity incident that is the subject of this Litigation.

17. **"Class Counsel"** shall mean Bryan L. Bleichner and Christopher Renz of Chestnut Cambronne PA, Nathan D. Prosser of Hellmuth & Johnson, PLLC, and Terence R. Coates and Dylan J. Gould of Markovits, Stock & Demarco, LLC.

18. **"Counsel"** or **"Counsel for the Parties"** means both Class Counsel and Defendant's Counsel, collectively.

19. **"Court"** shall mean Judge Katherine M. Menendez of the United States District Court, District of Minnesota, or any other judge who shall have jurisdiction over the pending Litigation.

20. **"Defendant"** or **"Electromed"** shall mean Electromed.

21. **"Defendant's Counsel"** shall mean Brooke D. Anthony and Daniel Hall of Anthony Ostlund Louwagie Dressen & Boylan P.A. and Alfred J. Saikali, Tammy B. Webb, and Elisabeth A. Hutchinson of Shook, Hardy & Bacon, LLP.

22. **"Effective Date"** shall mean the date when the Settlement Agreement becomes Final, which is 35 days after the Court's grant of the Final Approval Order assuming no appeals have been filed. If an appeal is filed, the Effective Date will become 35 days from when the appeal is finalized and a final judgment is entered in this case.

23. **"Fee and Expense Application"** shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, as well as a Service Award for the Class Representative.

24. "**Fee Award**" means the amount of attorneys' fees awarded by the Court to Class Counsel. The Fee Award shall be paid through the Settlement Fund.

25. "**Final**" means the Final Approval Order has been entered on the docket, and (1) the time to appeal from such order has expired and no appeal has been timely filed; (2) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (3) the Court following the resolution of the appeal enters a further order or orders approving settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

26. "**Final Approval Hearing**" means the hearing before the Court where the Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and approving a Service Award to the Class Representative.

27. "**Final Approval Order**" shall mean an order entered by the Court that:

    i.   Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

    ii.   Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

    iii.   Dismisses Plaintiff's claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

    iv.   Approves the Release provided in Section VII and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

    v.   Reserves jurisdiction over the Settlement and this Settlement Agreement; and

    vi.   Finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

28. "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Class Members about class action settlement and specially about this Settlement.

4

29. "**Litigation**" shall mean the action captioned *Elizabeth Lutz, individually and on behalf of all others similarly situated, v. Electromed, Inc.*, Case No. 21-cv-2198 currently pending in the United States District Court, District of Minnesota.

30. "**Long Form Notice**" is the content long form notice that will be posted on the Settlement Website that will include robust details about the Settlement.

31. "**Notice**" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement, and is consistent with the requirements of Due Process.

32. "**Objection/Exclusion Deadline**" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date approximately ninety days after entry of the Preliminary Approval Order, or such other date as ordered by the Court.

33. "**Parties**" shall mean Plaintiff and Electromed, collectively.

34. "**Plaintiff**" or "**Class Representative**" shall mean the named class representative, Elizabeth Lutz.

35. "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement.

36. "**Private Information**" means Social Security numbers, health insurance information, medical information, other protected health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and additional personally identifiable information ("PII") and protected health information ("PHI") that Defendant collected and maintained, as those terms are defined by applicable data breach notification laws.

37. "**Released Claims**" shall have the meaning ascribed to it as set forth in Section VII of this Settlement Agreement.

38. "**Released Parties**" shall have the meaning ascribed to it as set forth in Section VII of this Settlement Agreement.

39. "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiff, the Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

40. "**Remainder Funds**" means any funds that remain in the Settlement Fund after settlement payments for Approved Claims. Often in class action settlements some

5

number of class members submitting Approved Claims and who are then issued a settlement check fail to cash and/or deposit their checks. The funds remaining in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend the entity or entities to the Court that will be the recipients of the *cy pres* distribution.

41. "**Reminder Notice**" means the reminder notice that the Settlement Administrator will send to Class Members for whom there is a valid email address with 20 days before the Claim Deadline.

42. "**Service Award**" shall have the meaning ascribed to it as set forth in Section XV of this Settlement Agreement. The Service Award requested in this matter will be $9,900.00, subject to court approval and will be in addition to any other Settlement benefits Class Representative Lutz may receive.

43. "**Settlement Administrator**" means, subject to Court approval, the entity jointly selected and supervised by Class Counsel and Electromed to administer the settlement.

44. "**Settlement Fund**" means a settlement fund in the amount of Eight Hundred Twenty-Five Thousand Dollars ($825,000.00), which includes the Fee Award, Administrative Expenses, Class Counsel's Litigation Expenses, Service Award, and fees for the third-party Claims Referee. In no event shall Electromed be required to pay more than this cash and cash value amount for claims made under the terms of this Settlement Agreement.

45. "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies the Notices (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website, www.electromeddatasettlement.com, will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the material pleadings filed in this matter, a copy of the Long Form Notice, Short Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, and the deadlines for filing a Claim, Objection, Exclusion requests, and the date of the Fairness Hearing. The Settlement Website is viewed as an important piece of the notice plan to Class Members. The Settlement Website will remain active until 90 days after the Effective Date. Settlement Class Members shall be able to submit Claim Forms via the Settlement Website. The Settlement Website shall remain active through the Claims Deadline.

46. **"Short Form Notice"** is the postcard notice that will be mailed to each available Settlement Class Member and/or emailed to the Settlement Class Members. Short Form Notice will include a copy of the Claim Form.

47. **"Social Media Notice"** is the notice to Settlement Class Members that will be disseminated via geotargeted Facebook.

## III.   SETTLEMENT CLASS CERTIFICATION

48. For the purposes of the Settlement only, the Parties stipulate and agree that: (1) the Class shall be certified in accordance with the definition contained in Paragraph 51, below; (2) Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (3) Plaintiff's Counsel shall be appointed as Class Counsel.

49. Electromed does not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval of the Settlement, or if for any other reason final approval of the Settlement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Settlement Agreement had not been entered into. In the event that Final Approval of the Settlement is not achieved: (1) any Court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (2) the fact of the settlement reflected in this Settlement Agreement, that Electromed did not oppose the certification of a Class under this Settlement Agreement, or that the Court preliminarily approved the certification of a Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

50. **Settlement Structure:** The settlement shall be administered upon the distribution of a non-reversionary common fund settlement in the amount of $825,000.00 (Eight Hundred Twenty-Five Thousand Dollars) on a claims-made basis. To receive any relief, Settlement Class Members, as defined below, must submit a valid and timely claim to the Claims Administrator to receive benefits from the common fund. The Fee Award, Administrative Expenses, Class Counsel's Litigation Expenses, Service Award, and any fees of the third-party Claims Referee shall be paid through the Settlement Fund.

51. Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

All persons who were sent notice of the Data Breach.[1] A California Subclass will be created to address their claims under the CMIA.

52. Excluded from the Class are Electromed's officers, directors, and employees; any entity in which Electromed has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Electromed. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

53. It is estimated that the class is comprised of approximately 47,429 individuals, inclusive of a subclass of approximately 2,966 individuals from California.

54. If for any reason the Settlement is not granted preliminary and/or final approval, Electromed's agreement to certification of the Settlement Class shall not be used for any purpose, including in any request for class certification in the Litigation or any other proceeding.

## IV. SETTLEMENT OF LITIGATION AND ALL CLAIMS AGAINST RELEASED PARTIES

55. Final approval of this Settlement Agreement will settle and resolve with finality, on behalf of the Plaintiff and the Settlement Class, the Litigation and the Released Claims, as described in Section VII.

## V. SETTLEMENT FUND ALLOCATION

56. **Settlement Benefits[2]**

a. Electromed will agree to make the following compensation available to Settlement Class Members who submit valid and timely claim forms. Claims will be subject to review for completeness and plausibility by a Settlement Administrator, and Claimants will have the opportunity to seek review by a third-party Claims Referee, at Electromed's expense but paid from the common fund, if they dispute the Settlement Administrator's initial determination.

b. **Cash Compensation**: Electromed will provide $30.00 to each Class Member upon submission of a claim. Furthermore, each California Subclass Member shall receive a cash payment amount of $100.00 upon submission of a claim. California Subclass Members will not have the ability to claim the $30.00 cash payment in addition to the $100.00 cash payment. To the extent there are any amounts remaining in the common fund after the distribution of attorneys' fees, Class Counsel's Litigation Expenses, Administrative Fees, Service Award, and

---

[1] Data Breach shall mean the cybersecurity incident against Electromed giving rise to the action.
[2] Settlement benefits will be increased or decreased pro-rata should claims exceed the Maximum Payout under the Settlement in Paragraph 56, with attorneys' fees, Class Counsel's Litigation Expenses, Settlement Administration Fees, and Service Award deducted first.

costs of the third-party Claims Referee, the settlement payments will be increased or decreased pro rata under this Cash Compensation paragraph until the common fund is exhausted.

c. **Compensation for Ordinary Losses**: Electromed will provide compensation for unreimbursed losses, up to a total of $250 per person, upon submission of a claim and supporting documentation, such as the following categories of claimed losses:

    i. *Out-of-pocket expenses incurred* as a result of the Data Breach including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel, all of which must be fairly traceable to the Data Breach, and must not have been previously reimbursed by a third party, and that are supported by documentation or sworn attestation that substantiated the full extent of the amount claimed;

    ii. *Up to 4 hours of lost time,* at $25.00/hour[3] of time spent mitigating the effects of the Data Breach. Settlement Class and Subclass Members may submit claims for up to 4 hours of lost time with an attestation that they spent the claimed time responding to issues raised by the Data Breach.

d. **Compensation for Extraordinary Losses**: Electromed will provide up to $5,000 in compensation to each Claimant for proven monetary loss if:

    i. The loss is an actual, documented, and unreimbursed monetary loss;

    ii. The loss was more likely than not caused by the Data Breach;

    iii. The loss occurred during a specified time period;[4]

    iv. The loss is not already covered by the Compensation for Ordinary Losses category; and

    v. The settlement class member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

Settlement Class Members with out-of-pocket and extraordinary losses set forth above must submit adequate documentation establishing their claims. This can include receipts or other documentation as long as it is not "self-prepared" by

---

[3] Claims for lost time are included within the $250 cap on ordinary losses.

[4] The specified period shall be one date from the Incident, *i.e.*, in or between June 2021 and June 2022.

the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

e.  **Release**: The relief stated above will be provided to Settlement Class Members as consideration for a general release of Electromed and any Released Parties for all claims and causes of action pleaded or that could have been pleaded that are related in any way to the activities related to or stemming from the Data Breach.

f.  **Settlement Administration Fees**: Electromed will pay the entirety of the settlement administration fees, including the cost of notice. The Parties agree to solicit competitive bids for the settlement administration fees, to rely upon postcard reminder notice, and to utilize email notice where practicable, all in order to contain the administration costs while still providing effective notice to the Class. Settlement Administration Fees shall be paid through the Settlement Fund and are limited to the common fund amount.

g.  **Settlement Administration Process**: Once a Settlement Administrator is mutually agreed to by the Parties and after the settlement is preliminarily approved by the Court, the Settlement Administrator will provide notice in a manner mutually agreed upon by the Parties, and which may consist of some hybrid form of email, direct mail, and publication notice.

    After the Court enters an order approving the final Settlement Agreement, the Settlement Administrator shall provide the requested relief to all Settlement Class Members that made a valid claim, subject to the individual caps on settlement class payout set forth in Paragraph 56 above.

h.  **Settlement Subject to Confirmatory Discovery**: Electromed agrees to provide confirmatory discovery on establishing the appropriateness of the settlement terms as contemplated under Fed. R. Civ. P. 23(b)(1), including, but not limited to, a full class list that identifies each class member and their address.

i.  Upon the Effective Date, and receipt of payee instructions and a Form W-9 for the payee, Electromed or its insurer shall pay to the Settlement Administrator the Settlement Fund to satisfy the payments in Paragraph 56. Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Settlement Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation with prejudice.

j.  The funds provided by Electromed to the Settlement Administrator will be maintained by an escrow agent as a Court-approved Qualified Settlement Fund

10

pursuant to Section 1.468B-1, et seq., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

k.  The Settlement Fund represents the total extent of Electromed's monetary obligations under the Settlement Agreement. Electromed's contribution to the Settlement Fund shall be fixed under this Section and shall be final. Electromed shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund, except insofar as such obligations are explicitly provided for in this Settlement Agreement.

57.   **Procedure for Approving Settlement**

a.  **Unopposed Motion for Preliminary Approval of the Settlement by the Court**. Plaintiff will file an unopposed motion for an order conditionally certifying the Settlement Class, giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice and Claim Form (the "Unopposed Motion for Preliminary Approval").

   i.   At the hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the Unopposed Motion for Preliminary Approval, and submit a proposed order granting conditional certification of the Class and preliminary approval of the Settlement; appointing the Class Representative and Class Counsel; approving the Claim Form and the forms of notice to the Settlement Class; and setting the Final Approval Hearing.

   ii.  For the purposes of the Settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be conditionally certified in accordance with the definition contained above, that Plaintiff shall be conditionally appointed class representative for the Class, and that Class Counsel shall be conditionally appointed as counsel for the Class. Should the Court decline to preliminarily approve any material aspect of the Settlement, the Settlement will be null and void, the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

58.   **Submission and Evaluation of Claims**

a.  **Claims Period**: The Parties agree that the period for filing claims shall be set at a date certain at no more than 90 days from the date that notice is mailed to the Settlement Class.

b.  **Claim Form**: All claims must be submitted on a Claim Form. The Claim Form will require the Settlement Class Member to provide his or her full name, home

11

mailing address, and telephone number; an affirmation that he/she has received services from Electromed; and a signature.

c. The Claim Form shall provide Settlement Class Members with the ability to receive up to $30 or $100 in cash payment, up to $250 (subject to pro rata increase or reduction) for reimbursement of out-of-pocket expenses or time expended mitigating the effects of the Data Breach, and up to $5,000 for extraordinary losses, upon provision of appropriate documentation, as discussed above.

d. The Claim Form must be submitted (either electronically submitted or postmarked) on or before the Claims Deadline.

e. Completed Claim Forms shall be submitted directly to the Settlement Administrator either electronically via the Settlement Website, via electronic mail, or via U.S. Mail for processing, assessment, and payment (when properly submitted).

f. Any Claim Form that lacks the requisite information will be deemed to be incomplete and ineligible for payment.

g. A Settlement Class Member is not entitled to any compensation if he or she submits a Claim Form after the Claims Deadline, and/or if the Claim Form is incomplete after an opportunity to cure any error(s) and/or omission(s) or contains false information.

h. Within twenty-one days after the Claims Deadline, the Settlement Administrator shall process all Claim Forms submitted by Settlement Class Members and shall determine which claims are valid and initially approved and which claims are initially rejected. The Settlement Administrator may accept or reject any Claim Form submitted upon its sole discretion, and may request additional information prior to initially accepting or rejecting any Claim From submitted. The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse and/or fraud and shall deny Claim Forms which are materially incomplete and/or where there is evidence of abuse and/or fraud, or where the Claim Form does not meet the requirements set forth in this Agreement, including Paragraph 56.

i. Within forty-five days of the Claims Deadline, the Settlement Administrator will submit to Counsel for the Parties a report listing all initially approved Claims ("Initially Approved Claims List"), and shall include an electronic PDF copy of all such initially approved Claim Forms. Within forty-five days after the Claims Deadline, the Settlement Administrator will also submit to the Parties a report listing all initially rejected Claims ("Initially Rejected Claims List"), and shall include an electronic PDF copy of all such initially rejected Claim Forms.

j.  Counsel for the Parties shall have thirty days after the date they receive the Initially Approved Claims List and related Claim Forms to audit and challenge any initially approved claims. Within those thirty dates, Counsel for the Parties shall serve opposing counsel via email with a Notice of Claim Challenges identifying by claim number any initially approved claim they wish to challenge and the reasons for the challenge.

k.  Similarly, Counsel for the Parties may challenge any claim initially rejected by the Settlement Administrator. Counsel for the Parties shall have thirty after the date they receive the Initially Rejected Claims List and related Claim Forms to audit and challenge any initially rejected claims. Within those thirty days, Counsel for the Parties shall serve opposing counsel via email with a Notice of Claim Challenges identifying by claim number any initially rejected claim they wish to challenge and the reasons for the challenge.

l.  Counsel for the Parties shall meet and confer in an effort to resolve any disputes over any challenged claims. If the challenges are not withdrawn or resolved, the decision of the Settlement Administrator will be upheld. The date all claims are finalized without any further dispute shall be referred to as the **"Claims Finalization Date."** If neither Class Counsel nor Electromed's Counsel have any challenges to the initial claims determination reached by the Settlement Administrator, then the Claims Finalization Date shall be the date both Class Counsel and Electromed's Counsel inform each other by email that the Parties do not have any objection to the claims determination made by the Settlement Administrator or the time for informing each other of such challenges has lapsed.

m.  Within twenty-one days of the Claims Finalization Date, the Settlement Administrator shall provide Counsel for the Parties a spreadsheet setting forth the claim number, claimant name, and claimant address, and totaling the amount to be paid for each claimant under Paragraph 56 above (the "Final Claims List"). Within thirty days of the Claims Finalization Date, the Settlement Administrator shall send a check by First Class U.S. Mail to each Settlement Class Member on the Final Claims List.

n.  The Settlement Administrator shall notify the Parties that all Approved Claims have been paid within five business days of the last such payment.

o.  In the event that checks sent to Settlement Class Members are not cashed within ninety days after their date of issuance, those checks will become null and void, and will revert to the common fund.

## VI.   PROSPECTIVE RELIEF

59.   **Remedial Measures/Security Enhancements:** Electromed agrees to implement and/or to keep in place the following information security enhancements to ensure a similar incident does not recur:

a.   Subscription (with annual renewals) for a leading network monitoring tool that is constantly searching for suspicious behavior and potential malware on Electromed's network;

b.   Installation of a leading network monitoring tool on all endpoints;

c.   Global password reset for all user and administrative accounts;

d.   Multifactor authentication for all administrative accounts and all employees using VPN remote access;

e.   Discontinuation of practice of allowing employees to review the daily digest of potential SPAM; and;

f.   Enhanced policies and procedures addressing use of multifactor authentication and consequences for the repeated clicking on phishing emails.

60.   Costs associated with these business practice commitments (aka injunctive relief) should be paid by Electromed separate and apart from other settlement benefits.

## VII.   RELEASE

61.   Upon Final Approval of this Settlement Agreement, Settlement Class Members release, acquit, and forever discharge Electromed and any agents, predecessors, successors, parents, subsidiaries, affiliates, assigns, representatives, directors, officers, employees, shareholders, members, partners, principals, attorneys, insurers, and reinsurers (collectively "Released Parties") from any claims, demands, actions, or causes of action that each Class Member has, had, or may ever have, now or in the future, known or unknown, arising out of or in any way related to the Data Breach and/or Released Parties' recordkeeping or data security policies and practices, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof ("Released Claims").

62.   Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement. Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (or any like or similar statute or common law doctrine): A general release does not extend to claims that the creditor or releasing party does

not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party. Settlement Class Members acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they freely and voluntarily give the release as set forth above.

## VIII.   PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

63.   This Settlement Agreement shall be subject to approval of the Court. As set forth in Section V, Electromed shall have the right to withdraw from the Settlement Agreement if the Court does not approve any material aspects of the Settlement Agreement.

64.   Plaintiff, through Class Counsel, shall submit this Settlement Agreement to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Settlement Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order which order shall seek a Final Approval Hearing date and approve the Notices and Claim Form for dissemination in accordance with the Notice Plan.

65.   At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing approximately 180 days after entry of the Preliminary Approval Order and approve the settlement of the Litigation as set forth herein.

66.   At least twenty-one days before the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for (1) final approval of the Settlement; (2) final appointment of the Class Representatives and Class Counsel; and (3) final certification of the Settlement Class, including for the entry of a Final Approval Order, and file a memorandum in support of the motion for final approval.

## IX.   NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS

67.   **Settlement Administrator**

a.   The Parties will jointly select the Settlement Administrator, who shall be jointly supervised by Class Counsel and Electromed to administer the settlement.

b.   Costs of Settlement Administration shall be provided from the common fund.

68.   **Class List**

15

    a.   Electromed, with the assistance of the Settlement Administrator as appropriate, shall create a "Class List," based on information already within its possession.

    b.   The Class List shall include the names and last known email and/or mailing addresses of potential Settlement Class Members, to the extent such information is readily available.

    c.   Electromed shall provide the Class List to the Settlement Administrator and Class Counsel within seven days after entry of the Preliminary Approval Order.

69.    **Type of Notice Required**

    a.   Within 10 business days following the Court's entry of the Preliminary Approval Order and pursuant thereto, the Settlement Administrator on behalf of the Defendant shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred in connection with the preparation and service of the CAFA Notice shall be borne by Defendant and under no circumstances will be borne by Plaintiff, or Class Counsel, and will not be payable from the Settlement Fund.

    b.   The Notice shall be used to inform proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement and to further inform Settlement Class Members how they may: (1) obtain a copy of the Claim Form; (2) protect their rights regarding the settlement; (3) request exclusion from the Settlement Class and the proposed settlement, if desired; (4) object to any aspect of the proposed settlement, if desired; and (5) participate in the Final Approval Hearing, if desired. The Notice shall provide that Settlement Class Members may submit Claims Forms and be eligible for (1) a $30.00 payment or $100.00 for California Subclass Members (subject to pro rata increase or reduction based on the amount of valid claims submitted); (2) the ability to claim up to $250.00 for reimbursement of out-of-pocket expenses or lost time mitigating the effects of the Data Breach, upon provision of appropriate documentation; and (3) the ability to claim up to $5,000 for reimbursement of extraordinary expenses, upon provision of appropriate documentation. Additionally, the Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

    c.   Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties.

    d.   Notice of the settlement) shall be posted on the Settlement Website within fourteen (14) days of the entry of the Preliminary Approval Order.

70.  **Notice Deadline**

   a.  Within thirty days of entry of the Preliminary Approval Order, the Settlement Administrator shall disseminate by U.S. Mail the Notice to Settlement Class Members identified on the Class List.

## X.   EXCLUSIONS

71.  **Exclusion Period**

   a.  Settlement Class Members will have up to and including 90 days following entry of the Preliminary Approval Order (60 days after the Notice Date) to exclude themselves from the Settlement in accordance with this Section.

   b.  If the Settlement is finally approved by the Court, all Settlement Class Members who have not excluded themselves by the end of the Objection/Exclusion Deadline will be bound by the Settlement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by the Settlement Class.

72.  **Exclusion Process**

   a.  A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked, or submitted electronically via the Settlement Website, on or before the Objection/Exclusion Deadline.

   b.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and a signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not electronically submitted or postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settlement Class Members by the Settlement Agreement, if approved.

   c.  Any member of the Settlement Class who elects to be excluded shall not: (1) be bound by any order or the Final Approval Order; (2) be entitled to relief under this Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; or (4) be entitled to object to any aspect of this Settlement Agreement.

   d.  The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

e. Within ten business days after the Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

f. A list reflecting all individuals who timely and validly excluded themselves from the Settlement shall also be filed with the Court at the time of the motion for final approval of the Settlement.

## XI.   OBJECTIONS

73.   **Objection Period**

a. Settlement Class Members will have up to and including 90 days following entry of the Preliminary Approval Order (60 days after the Notice Date) to object to the Settlement in accordance with this Section. If the Settlement is finally approved by the Court, all Settlement Class Members who have not excluded themselves by the end of the Objection/Exclusion Deadline will be bound by the Settlement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by the Settlement Class.

74.   **Objection Process**

a. The Notices shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notices shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time: (1) file copies of such papers he/she proposes to submit at the Final Approval Hearing with the Clerk of the Court; and (2) send copies of such papers via U.S. Mail or overnight delivery to both Class Counsel and Defendant's Counsel. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections, Claim Forms, and any other communication relating to this Settlement.

b. Any Settlement Class Member who intends to object to this Settlement must include in any such objection: (1) his/her full name, address, and current telephone number; (2) the name and number of this case; (3) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (4) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (5) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member

intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

c. Within ten business days after the Objection Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

d. Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Settlement Agreement, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

## XII.   FINAL APPROVAL HEARING

75.   The Parties will jointly request that the Court hold a Final Approval Hearing approximately one hundred and eighty (180) days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class pursuant to Federal Rule of Civil Procedure 23 for settlement and, if so, (1) consider any properly filed objections, (2) determine whether the Settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connections therewith, and (3) enter the Final Approval Order, including final approval of the Settlement Class and the Settlement Agreement, and a Fee Award.

## XIII.   FINAL APPROVAL ORDER

76.   The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions, or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waive any rights of appeal.

77.   The Parties shall jointly submit to the Court a proposed Final Approval Order that, without limitation:

a. Approves finally this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members and directing its consummation according to its terms;

19

b.  Dismisses with prejudice all claims of the Settlement Class against Electromed in the Litigation, without costs and fees except as explicitly provided for in this Settlement Agreement; and

c.  Reserves continuing and exclusive jurisdiction over the Settlement and this Settlement Agreement, including but not limited to the Litigation, the Settlement Class, the Settlement Class Members, Electromed, and the Settlement for the purposes of administering, consummating, supervising, construing, and enforcing the Settlement Agreement and the Settlement Fund.

78.  Class Counsel shall use their best efforts to assist Electromed in obtaining dismissal with prejudice of the Litigation and take all steps necessary and appropriate to otherwise effectuate all aspects of this Settlement Agreement.

## XIV.   TERMINATION OF THE SETTLEMENT

79.  The Settlement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties).

80.  Either Party may elect to terminate and cancel this Settlement Agreement within ten days of any of the following events:

a.  The Court refuses to grant preliminary approval of this Settlement Agreement;

b.  The Court refuses to grant final approval of this Settlement Agreement in any material respect; or

c.  The Court refuses to enter a final judgment in this Litigation in any material respect.

81.  In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Litigation.

## XV.   ATTORNEYS' FEES, COSTS AND EXPENSES, AND SERVICE AWARD

82.  **Attorneys' Fees**: At least fourteen days prior to the Objection/Exclusion Deadline, Class Counsel will move the Court for an award of attorneys' fees and costs in an amount not to exceed 1/3 of the common fund amount. The attorneys' fee award will be provided from the common fund. Electromed agrees not to oppose an

application for attorneys' fees by Class Counsel in such an amount. Class Counsel, in turn, agree not to seek or accept attorneys' fees in excess of such amount from the Court. Attorneys' fees and expenses awarded by the Court shall be provided outside of and separate from the settlement. This amount was negotiated after the primary terms of the settlement were negotiated.

83.  **Class Counsel's Litigation Expenses**: Furthermore, from the common fund, Class Counsel shall be reimbursed their reasonable litigation expenses not to exceed $15,000.00 (Fifteen Thousand Dollars).

84.  Notwithstanding any contrary provision of this Settlement Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Settlement Agreement or be deemed material thereto.

85.  **Service Award to Named Plaintiff**: Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall move the Court for a Service Award for the Named Plaintiff in an amount not to exceed $9,900.00. Electromed agrees not to oppose such a request. Service Awards approved by the Court will be provided from the common fund. This amount was negotiated after the primary terms of the settlement were negotiated.

86.  In no event will Electromed's liability hereunder for the Fee Award, Administration Expenses, Class Counsel's Litigation Expenses, and/or a Service Award or any other fees, costs or expenses exceed its funding obligations set out in this Settlement Agreement. Electromed shall have no financial responsibility for this Settlement Agreement except as explicitly set out in this Settlement Agreement. Electromed shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class. Electromed will have no responsibility, obligation, or liability for allocation of fees and expenses among Class Counsel.

87.  **Maximum Payout Under Settlement**: The maximum payout obligation for Electromed under this Settlement for Claims made under Paragraph 56 and for Settlement Administration Costs, Service Award, Attorneys' Fees, and Class Counsel's Litigation Expenses will be $825,000.00 and the cost of any required notice under the Class Action Fairness Act ("CAFA").

## XVI.   MISCELLANEOUS REPRESENTATIONS

88.  The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given Settlement Class Member related to the Released Claims.

89.   The Parties (1) acknowledge that it is their intent to consummate this Settlement Agreement, and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Electromed's Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

90.   The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiff or defended by Electromed in bad faith or without a reasonable basis.

91.   The Parties agree not to identify, describe, disclose, testify, convey, or discuss with any individual, person, organization, corporation, or other entity the subject matter, amount, facts, terms, and conditions of this Settlement Agreement, including but not limited to any negotiations leading up to the actual resolution of this matter except where disclosure is compelled by law. In such case reasonable notice will be provided to the other Party before disclosure is made. The Parties further agree that they will not issue, nor cause to be issued, any statements to the public or media regarding the claims and allegations leading up to this Settlement Agreement or regarding the Settlement Agreement or any of its terms, including statement on any website or via social media, unless prior written consent of the other Party is given.

92.   Nothing express or implied in this Settlement Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Released Parties, and Settlement Class Members any right or remedy under or by reason of this Settlement Agreement. Each of the Released Parties is an intended third-party beneficiary of this Settlement Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her, or its favor against all Releasors.

93.   The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

94.   Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

95.     The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Settlement Agreement.

96.     This Settlement Agreement set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

97.     This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

98.     The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

99.     Except as otherwise provided herein, each Party shall bear its own costs.

100.    Plaintiff represents and warrants that Plaintiff has not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

101.    The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

102.    The Parties specifically acknowledge, agree and admit that this Settlement Agreement, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not (1) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (2) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

103.    The Parties also agree that this Settlement Agreement, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement, are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

23

104.  This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, shall be inadmissible as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed, offered, or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Approval Order.

105.  The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (1) to enforce the terms and provisions hereof or thereof, (2) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (3) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (4) in connection with any motion to enjoin, stay, or dismiss any other action, and/or (5) to obtain Court approval of the Settlement Agreement.

106.  This Settlement Agreement may be executed in one or more counterparts exchanged by hand, messenger, facsimile, or PDF as an electronic mail attachment. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Settlement Agreement all exchange signed counterparts.

107.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

108.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties hereby submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

109.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the state of Minnesota.

110.  This Settlement Agreement is deemed to have been prepared by counsel for all Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

111.   Unless otherwise stated herein, any notice required or provided for under this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, as follows:

If to Class Counsel:

Bryan L. Bleichner
Christopher P. Renz
CHESTNUT CAMBRONNE PA
100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
Tel: 612.339.7300
bbleichner@chestnutcambronne.com
crenz@chestnutcambronne.com

Dylan J. Gould
Terence Coates
MARKOVITS STOCK &
DEMARCO, LLC
119 E. Court Street
Suite 530
Cincinnati, OH 45002
Tel: 513.651.3700
dgould@msdlegal.com
tcoates@msdlegal.com

Nathan D. Prosser
HELLMUTH & JOHNSON PLLC
8050 West 78th Street
Edina, MN 55439
Tel: 952.941.4005
nprosser@hjlawfirm.com

If to Electromed's Counsel:

Alfred J. Saikali
Tammy B. Webb
Elisabeth A. Hutchinson
SHOOK, HARDY & BACON, LLP
Citigroup Center
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
Tel: 305.358.5171
asaikali@shb.com
tbwebb@shb.com
ehutchinson@shb.com

Brooke D. Anthony
Daniel Hall
ANTHONY OSTLUND LOUWAGIE
DRESSEN & BOYLAN P.A.
90 South 7th Street, Suite 3600
Minneapolis, MN 55402
Tel: 612.349.6969
bathony@anthonyostlund.com
dhall@anthonyostlund.com

112.    This Settlement Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

[The remainder of this page is intentionally left blank.]

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

ELIZABETH LUTZ, individually and as Class Representative

Signature: _Elizabeth Lutz_

Date: Sep 21, 2022

MARKOVITS, STOCK & DEMARCO, LLC, as Class Counsel

By: _Terence R. Coates_

Print Name: _Terence R. Coates_

Date: _9/22/2022_

ELECTROMED

By: _Kathleen Skarvan_

Print Name: _Kathleen S. Skarvan_

Title: _President + CEO_

Date: _9/22/2022_

SHOOK, HARDY & BACON, LLP, as Electromed's Counsel

By: _Tammy Webb_

Print Name: _Tammy Webb_

Date: _9/22/2022_

### SETTLLEMENT TIMELINE

| From Order Granting Preliminary Approval | |
|---|---|
| Electromed provides list of Settlement Class Members to the Settlement Administrator | +7 days |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days |
| Notice Deadline | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | +76 days |
| Reminder Notice | +84 days |
| Objection Deadline | +90 days |
| Exclusion Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +100 days |
| Claims Deadline | +120 days |
| Initially Approved Claims List | +165 days |
| | |
| **Final Approval Hearing** | +180 (at minimum) |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Settlement Administrator provides W-9 to Electromed | +30 days |
| Effective Date | +35 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | +42 days |
| Settlement Website Deactivation | +90 days |