UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

ELIZABETH LUTZ, individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.

ELECTROMED, INC.,

    Defendant.

Case No. 21-cv-2198 (KMM/DTS)

**DECLARTION OF BRYAN L. BLEICHNER IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD TO PLAINTIFF**

_____

I, Bryan L. Bleichner, state under oath as follows:

1.    I am a shareholder at Chestnut Cambronne PA. I am admitted to this Court, and I am one of the Counsel representing Plaintiff Elizabeth Lutz and appointed by this Court as Class Counsel for the Class. (Dec. 12, 2022, Order at 2 [Dkt. No. 57].) I submit this declaration not only on my own behalf, but on behalf of Hellmuth & Johnson, PLLC; and Markovits, Stock & DeMarco, LLC, who were appointed by this Court as Class Counsel with Chestnut Cambronne PA. (*Id.*) I submit this declaration in support of Plaintiff's Motion for an Award of Attorney's Fees, Reimbursement of Expenses, and Service Award to Plaintiff. I have full knowledge of the matters stated in the declaration and would testify to the facts if call upon.

2.     The resumes of each Class Counsel firm are attached: Exhibit A (Chestnut Cambronne PA); Exhibit B (Hellmuth & Johnson, PLLC); and Exhibit C (Markovits, Stock & DeMarco, LLC).

3.     Electromed sells and services its airway clearance system to patients with compromised pulmonary functions, and it requires customers to provide sensitive personal and private information to it, including their Social Security number and sensitive medical and health information. (Am. Compl. ¶ 20, 21, 27.) We started to investigate this case after Defendant Electromed, Inc. was hit with a ransomware attack on or about June 16, 2021 (the Data Breach), which compromised the personal and health information of Plaintiff and members of the Settlement Class. (*Id.* ¶ 31.)

4.     All Class Counsel participated in pre-litigation investigation of the Data Breach, and the talked to members of the public impacted by the Data Breach. That lead to the detailed class action complaint that we filed against Defendant on September 3, 2021, followed by the following of a first Amended Complaint on October 4, 2021. Plaintiff sued Electromed in the Scott County District Court, First Judicial District, State of Minnesota.

5.     Since the filing of the initial and amended complaints in this matter, all Settlement Counsel have continued to keep the prosecution of this case lean. Together with Nathan Prosser and Terrence Coates, as well as a handful of other attorneys at our three firms, we have led this litigation in a manner to economize attorney resources to benefit the Class.

6. Intensive factual and legal research was undertaken to plead narrow and strong claims in the Complaint based on the chronology and mechanism of the events leading to the Data Breach, including negligence and negligence per se, and claims under California law. Class Counsel worked to ensure that this case was properly distinguished from negative precedent regarding other data breach cases.

7. Defendant filed notice to remove the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on October 6, 2021, from the Scott County District Court, First Judicial District, State of Minnesota.

8. The parties stipulated to an extended date for Electromed to respond to the amended complaint, and the Court ordered the response due by November 1, 2021. [Dkt. No. 13.] Electromed moved to dismiss the complaint on November 11, 2021. [Dkt. No. 16.]

9. Chestnut Cambronne and the two other Class Counsel firms were all responsible for responding to the motion to dismiss and had significant input into Plaintiff's response to Defendant's motion. On December 16, 2021, Settlement Counsel filed on behalf of Plaintiff the response to the motion to dismiss. [Dkt. No. 26.] Defendant filed its reply memorandum on January 14, 2022. [Dkt. No. 34.]

10. A hearing was scheduled for March 1, 2022, before U.S. District Judge Susan R. Nelson. [Dkt. No. 29.] The Court later rescheduled the hearing to May 1, 2022 [Dkt. No. 36], to provide the parties with time to engage in early resolution of the case.

11. The parties agreed to mediate the case and retained Magistrate Judge Morton Denlow of JAMS. In preparation for the mediation, the parties presented Judge

Denlow with confidential memoranda on their respective settlement positions, and Class Counsel worked with counsel for Electromed on documents and information about the Data Breach and Settlement Class Members for Class Counsel to evaluate claims and defenses.

12.     The parties engaged in early informal discovery in conjunction with early mediation discussions in an effort to efficiently resolve the case.

13.     During the mediation process, the parties also engaged in pretrial scheduling proceedings with Magistrate Judge David T. Schultz, from which a scheduling order and Order regarding Local Rule 5.6 issued.  [Dkt. Nos. 40, 41.]

14.     On March 30, 2022, the parties participated in a full-day mediation session with retired Magistrate Judge Denlow, who has extensive experience mediating data-breach class actions.  Class Counsel provided mediation documents to Judge Denlow, and they advocated zealously during the mediation as well as in the weeks of private negotiations after the in-person meeting to reach the Settlement.

15.     The mediation was highly contested, with counsel for both sides advancing their respective arguments zealously on behalf of their clients while continuing to demonstrate their willingness to litigate rather than accept a settlement not in the best interests of their clients.  Unfortunately, the parties did not reach settlement at the time.  But good faith, arm's-length, and hard-fought negotiations between the parties continued during April 2022.  And on May 9, 2022, the parties advised the Court that a class-action settlement had been reached.  The parties did not discuss attorney's fees, costs, and

expenses prior to agreeing to the essential terms of the Settlement. Electromed denied all charges of wrongdoing or liability to Plaintiff and the Settlement Class Members.

16. The provisions of the Settlement relating to attorneys' fees and costs, subject to approval by the Court, were raised only after substantive terms of the Settlement were discussed and agreed upon by the parties.

17. The Court then denied without prejudice Defendant's motion to dismiss, noting that the Settlement had been reached. [Dkt. No. 47.] The parties worked together to finalize the Settlement Agreement and Release Agreement, which was executed on September 21 and 22, 2022. [Dkt. No. 56, Ex. D.]

18. To summarize, the work of Class Counsel included: (a) a factual investigation and analysis in connection with researching and drafting the initial complaint; (b) participation in telephone conferences with co-counsel to discuss case strategy; (c) drafting and negotiating with Electromeds' Counsel a pretrial scheduling order; (d) researching and drafting a mediation statement, attending mediation, and negotiating a settlement of this action; (e) discussions with co-counsel regarding this action and settlement negotiations of this action, and (f) obtaining preliminary approval of the Settlement from the Court.

19. In agreeing to the Settlement, Class Counsel carefully considered a range of additional risks, including:

> (1) numerous merits issues remained uncertain; (2) the challenges associated with proving damages on a class-wide basis; (3) obtaining 100% of the data for and establishing a damage model and expert testimony that would ultimately be persuasive to a jury; (4) further developments in the law or the factual record of the case that could undermine Village Bank's

5

claims; (5) the risk that a jury might award lower damages than what is provided by the Settlement Agreement or no damages at all; (6) the risk both sides faced that a jury could react unfavorably to the evidence presented; and (7) the uncertainties, risks, expense, and significant delays associated with any appeal that would inevitably be pursued following trial and entry of final judgment.

20. On October 20, 2022, Plaintiff moved for preliminary approval of the Settlement, and the Court granted the unopposed motion on December 2, 2022. [Dkt. Nos. 49-54, 56.]

21. After the Court granted preliminary approval, we worked with the Settlement Administrator, and counsel for Electromed to finalize the notice forms, review the script for the responding to claimants and edit the content of the Settlement Website. We confirmed with the Settlement Administrator that 46,504 notices were mailed and the website, phone line, and claims applications were live and usable in a timely way. Notice was sent prior to the court-established deadline of January 1, 2023 [Dtk. No. 57], and a reminder notice is due to be sent on February 24, 2023. To date, no Class Members have requested exclusion, and no Class Member has objected to the Settlement or award of attorneys' fees, reimbursement of expenses, and service award. We will provide the Court with updated information on any objections and requests for exclusion when we file pleadings regarding the motion for final approval of the Settlement by May 23, 2023.

22. This declaration is supported by the accounting records and related material maintained by the Class Counsel litigating this matter and documented in the ordinary course of business. The information was assembled and prepared by my staff and reviewed by me. During my review, I exercised billing judgment and reduced or

6

excluded certain time entries and certain expenses. Time spent preparing this attorneys' fee and expense application was excluded from this declaration. As a result, I believe Plaintiff's counsel's lodestar, and the expenses for which reimbursement is sought, are reasonable in amount and were necessary for the effective and efficient prosecution of this action. The expenses submitted are of a type normally charged to and paid by fee-paying clients.

23. As of the latest time and expense records, counsel for Plaintiff have reported working a combined 455 hours on the litigation of this matter. Of those hours, 169.50 hours were recorded by my Firm. A summary of the cumulative hours, lodestar, and expenses incurred by all counsel as of January 31, 2023, is attached to this declaration as Exhibit D. This exhibit includes a lodestar calculation, which was determined by multiplying hours recorded by the billers' historic hourly rates. For personnel no longer employed by their respective law firms, the lodestar calculation is based on their hourly rates in the final year of employment. Exhibit D was prepared from daily time records regularly prepared and maintained and are available immediately upon request by the Court.

24. The hourly billing rates established for attorneys and staff are the usual and customary rates that have been accepted by courts in other complex or class action litigation, particularly data breach class actions. *See, e.g. In re Anthem, Inc. Data Breach Litig.*, No. 15-MN-2617-LKH, 2018 WL 3960068, at *17 (N.D. Cal. Aug. 17, 2018) (approving partner rates of $400-$970/hour; and non-partners, senior attorneys, and associates of $185-$850/hour). The billing rates exclude items of expense, which were

7

recorded separately and are as follows:  Chestnut Cambronne's rates ranged from $525.00 for associate attorneys to $1,050 for senior partners; Hellmuth & Johnson's rates ranged from $330 for associate attorneys to $740 for senior partners; and Markovits, Stock & DeMarco's rates ranged from $730 for senior partners and $185 for paralegals.

25. The expenses in this declaration are reflected in accounting records maintained and held by the law firms that litigated this action.  The expenses were prepared from vouchers, receipts, check records, and other source material and are an accurate record of the expenses.  Certain categories of expenses, such as photocopies, internet, and other office-related expenses, have been eliminated entirely.  Total expenses of $11,900.53 were necessary and reasonable.  All expenses have been carefully scrutinized to ensure that they were reasonable and necessarily incurred to benefit the Class.

26. Class Counsel in this matter took this case on a contingent-fee basis and advanced all costs of the litigation with the understanding that no fee would be recovered for our time and services if we were unable to secure a recovery for Plaintiff and the Class.

27. Plaintiff Elizabeth Lutz, the Settlement Class Representative, has provided valuable services to the Settlement Class by assisting Plaintiffs' Counsel in the factual investigation and formulation of the legal claims, monitoring the litigation, and participating in the mediation process and subsequent settlement discussions.  Granting Plaintiff a $9,900.00 service award will recognize Plaintiff's contribution to the

enforcement of laws through the class action mechanism and is in accord with case law from this district and circuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 16, 2023, in Minneapolis, Minnesota.

<u>s/Bryan L. Bleichner</u>
Bryan L. Bleichner