UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ELIZABETH LUTZ, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>ELECTROMED, INC.,<br><br>Defendant. | Case No. 21-cv-2198 (KMM/DTS)<br><br><br>**FINAL APPROVAL ORDER** |

This matter comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Notice Plan ("Motion") (ECF No. 66). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release dated September 22, 2022 ("Agreement") entered into by Plaintiff and Defendant Electromed Inc. ("Defendant" or "Electromed"), and it finds that the Motion should be **GRANTED.** Therefore:

1. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Agreement for any term not otherwise defined herein. *See* ECF No. 56.

2. The Court certifies the Class pursuant to Federal Rule of Civil Procedure 23.

3. The Court grants Plaintiff's Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award to Plaintiff (ECF No. 60).

4.      The Court finds that the Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of the Agreement.

5.      The Court approves the Release provided in Section VII of the Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

6.      The Court reserves jurisdiction over the Settlement and this Agreement.

7.      The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

8.      The Court dismisses with prejudice all claims of the Class against Electromed in the Litigation, without costs and fees except as explicitly provided for in the Agreement.

9.      On December 2, 2022, the Court entered an Order Preliminarily Approving Class Action Settlement and Directing Notice to the Class (ECF No. 57) ("Preliminary Approval Order") that preliminarily approved the Agreement and established a hearing date to consider the final approval of the Agreement, Class Counsel's request for a Service Award to the Class Representative and motion for attorneys' fees, costs, and expenses (ECF No. 60).

10.     The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Social Media Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable

under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that the Notices have been mailed, published and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed with the Court. *See* Prosser Decl. Exhibit B, Declaration of Johanna Olson (ECF No. 68). The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Agreement.

11. The Court finds Electromed has complied with the requirements of 28 U.S.C. § 1715.

12. The Court finds that the Class Representative is similarly situated to absent Class Members and is typical of the Class and is an adequate Class Representative, and that Class Counsel and the Class Representative have fairly and adequately represented the Class. The Court grants final approval to its appointment of Class Counsel and Class Representative as provided in the Preliminary Approval Order (ECF No. 57), appointing the following firms and individuals as Class Counsel:

   a. Bryan L. Bleichner and Christopher P. Renz of Chestnut Cambronne PA
   b. Nathan D. Prosser of Hellmuth & Johnson, PLLC
   c. Terence R. Coates and Dylan J. Gould of Markovits, Stock, & DeMarco, LLC;

and appointing Plaintiff Elizabeth Lutz as Class Representative.

13. The Court certifies the following Class and Subclass under Fed. R. Civ. P. 23(a) and 23(b)(3):

Class: All persons who were sent notice of the Data Breach.

California Subclass: All California residents who were sent notice of the Data Breach.

14. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for Settlement Purposes in that: (a) the Class is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative is typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representative has no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

15. Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Agreement; having considered Plaintiff and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims in data-breach claims at trial, including the possibility that Electromed could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a. Plaintiff and Class Counsel have adequately represented the Class;

b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and Electromed, with the assistance of a neutral mediator;

c. the outcome of the Litigation is in doubt;

d. it is possible the Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Electromed could defeat certification;

e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. the Parties have in good faith determined the Agreement is in their respective best interests, including Plaintiff and Class Counsel determining that it is in the best interest of the Class Members;

g. the aggregate consideration for the Class—including both the Settlement Fund, which Electromed shall fund, and other forms of relief Electromed agreed to—is commensurate with the claims asserted and that will be released as part of the Settlement, and

h. the terms of the Agreement treat the Class Members equitably relative to each other and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members.

16. The Court approves the Settlement Fund Allocation to the Agreement. (ECF No. 56). To the extent that any funds remain, Settlement benefits will be increased or decreased pro-rata should claims exceed the Maximum Payout under the Settlement in Paragraph 56, with attorneys' fees, Class Counsel's Litigation Expenses, Settlement Administration Fees, and Service Award deducted first.

17. Class Members release, acquit, and forever discharge Electromed and any agents, predecessors, successors, parents, subsidiaries, affiliates, assigns, representatives, directors, officers, employees, shareholders, members, partners, principals, attorneys, insurers, and reinsurers (collectively "Released Parties") from any claims, demands, actions, or causes of action that each Class Member has, had, or may ever have, now or in the future, known or unknown, arising out of or in any way related to the Data Breach and/or Released Parties' recordkeeping or data security policies and practices, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof.

18. Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in the Agreement. Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (or any like or similar

statute or common law doctrine): A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party. Class Members acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they freely and voluntarily give the release as set forth above.

**Let Judgment be entered accordingly.**

Date: July 6, 2023                                                    _s/Katherine Menendez_____
                                       Katherine M. Menendez
                                       United States District Judge